UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:17-cv-60867-BB

NARCISO CARRILLO RODRIGUEZ
and all others similarly situated under
29 U.S.C. 216(b),

    Plaintiff,

v.

BILLY'S STONE CRABS, INC. and
WILLIAM L. HERSHEY,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant BILLY'S STONE CRABS, INC. ("Defendant Billy's") and Defendant WILLIAM L. HERSHEY ("Defendant Hershey") (collectively "Defendants"), by and through the undersigned counsel, hereby file their Answer to Plaintiff's Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations ("Complaint") and answer the consecutively numbered paragraphs of the Complaint as follows:

1. Defendants admit that Plaintiff purports to bring this action for damages premised on the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"). Defendants deny that there was any violation of the FLSA and further deny that Plaintiff is entitled to any relief under the FLSA.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny this allegation on that basis.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 2 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | 2

3. Defendants admit that Defendant Billy's is a corporation that regularly transacts business within Broward County and that Plaintiff was employed by Defendant Billy's. The remaining allegations in Paragraph 3 of the Complaint solely contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny these remaining allegations.

4. The allegation in Paragraph 4 of the Complaint that Defendant Hershey was Plaintiff's employer as defined by 29 U.S.C. §203(d) is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations. Defendants deny the remaining allegations contained in this Paragraph, except Defendants admit that Defendant Hershey is a corporate officer and/or owner of Defendant Billy's.

5. Defendants admit that the acts or omissions alleged by Plaintiff took place in the Southern District of Florida. Defendants deny that they engaged in any acts or omissions that violate the FLSA.

## COUNT I FEDERAL OVERTIME WAGE VIOLATION

6. Defendants admit that that Plaintiff purports to bring a cause of action against Defendants on his own behalf and on behalf of alleged "others similarly situated" for unpaid wages under the Fair Labor Standards Act ("FLSA"). Defendants deny that there was any violation of the FLSA, deny that any similarly-situated individuals exist, and deny that a cause or controversy exists so as to entitle Plaintiff to any relief.

7. Paragraph 7 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that this Court has jurisdiction over claims brought under the FLSA.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 3 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | 3

8.  Paragraph 8 of the Complaint does not contain any allegations that require a response. Instead, this Paragraph merely purports to quote language from the FLSA. To the extent that a response is required, Defendants deny the allegations contained in this Paragraph, but admit that the text of the FLSA speaks for itself.

9.  Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

11. Defendants admit that Defendant Billy's regularly employed two or more employees during the relevant time period. The remaining allegations in Paragraph 11 of the Complaint solely contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

15. Paragraph 15 of the Complaint solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 4 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | 4

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count I of the Complaint.

## DEMAND FOR TRIAL BY JURY

Defendants deny that Plaintiff is entitled to a jury trial on all issues in this cause and specifically object and do not consent to Plaintiff's demand for a jury trial of issues not triable as of right to a jury.

**All factual allegations not expressly admitted in this Answer are denied.

## STATEMENT OF DEFENSES

As separate defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

### First Defense

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted, because, in accordance with applicable law, Plaintiff was paid for all work performed and has already received all the compensation, including benefits, to which he was due or owed.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Second Defense

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 5 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | **5**

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because actions taken in connection with Plaintiff's compensation were done in good faith and made in conformity with, and reliance upon, the Administrator of the Wage and Hour Division of the Department of Labor's administrative regulations, orders, rulings or interpretations, or judicial interpretations of law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Fourth Defense

Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that Defendants' actions did not violate the statutes cited in the Complaint, and Defendants assert that a lack of willfulness or intent to violate the FLSA as defense to any claim by Plaintiff for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Sixth Defense

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 6 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | 6

### Seventh Defense

Defendants have not willfully failed to pay Plaintiff any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to whether Defendants had any obligation to pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Eighth Defense

Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of his stated claims. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Ninth Defense

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Tenth Defense

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that he now contends that he misrepresented, fabricated, falsely reported, or purposely concealed true his hours worked material to the analysis of whether Defendants encouraged him to misrepresent, fabricate, falsely report, or purposely conceal his true hours worked and no evidence that Defendants knew or should have known that he was misrepresenting, fabricating, falsely reporting, or purposely concealing his hours worked. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 7 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | **7**

### Eleventh Defense

In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendants, or additional payments made to Plaintiff for work performed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Twelfth Defense

Defendant Hershey cannot be held individually liable pursuant to the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Thirteenth Defense

Plaintiff's claims are barred because the work he performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. §213(a) or (b), including but not limited to, the executive and administrative exemptions. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Fourteenth Defense

The alleged injuries of Plaintiff were not proximately caused by any unlawful action, policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants and any such injuries were caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendants and who were not within the exclusive control of Defendants. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 8 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | 8

### Fifteenth Defense

Plaintiff cannot satisfy the requirements of a collective action under the FLSA because he is not similarly situated to the group of individuals he seeks to represent.

### Sixteenth Defense

The types of claims alleged by Plaintiff are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

### Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Eighteenth Defense

Assuming, *arguendo*, that Defendants violated any provision of the FLSA (which they did not), such violation was not pursuant to a uniform policy or plan.  Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

---- Defendants reserve the right to amend their Defenses ----

\*          \*          \*

**WHEREFORE** Defendant BILLY'S STONE CRABS, INC. and Defendant WILLIAM L. HERSHEY, respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

Case 0:17-cv-60867-BB   Document 16   Entered on FLSD Docket 06/13/2017   Page 9 of 10

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | 9

DATED this 13th day of June 2017.

                                          Respectfully submitted,

                                          **LITTLER MENDELSON, P.C.**
                                          Wells Fargo Center
                                          333 S.E. 2nd Avenue, Suite 2700
                                          Miami, Florida  33131
                                          Tel:  (305) 400-7500
                                          Fax: (305) 603-2552

                                          By**:** */s/ Grissel Seijo*
                                                Aaron J. Reed, Esq.
                                                Florida Bar No. 557153
                                                E-mail: *areed@littler.com*
                                                Grissel Seijo, Esq.
                                                Florida Bar No. 087594
                                                E-mail: *gseijo@littler.com*

                                          *Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

    **I HEREBY CERTIFY** that on this 13th day of June, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          By: */s/ Grissel Seijo*
                                                   Grissel Seijo

*Carillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
P a g e | **10**

**SERVICE LIST**

| | |
|---|---|
| **J.H. ZIDELL, P.A.**<br>J.H. Zidell, Esq.<br>E-mail: *Zabogado@aol.com*<br>Neil Tobak, Esq.<br>E-mail: *ntobak.zidellpa@gmail.com*<br>Rivkah Jaff, Esq.<br>E-mail: *rivkah.jaff@gmail.com*<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel: (305) 865-6766<br>Fax: (305) 865-7167<br><br>COUNSEL FOR PLAINTIFF | **LITTLER MENDELSON, P.C.**<br>Aaron J. Reed, Esq.<br>FBN 557153<br>E-mail: *areed@littler.com*<br>Grissel Seijo, Esq.<br>E-mail: *gseijo@littler.com*<br>FBN 087594<br>Wells Fargo Center<br>333 S.E. 2nd Avenue, Suite 2700<br>Miami, Florida 33131<br>Tel: (305) 400-7500<br>Fax: (305) 603-2552<br><br>COUNSEL FOR DEFENDANTS |