UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-60867-CIV-AOV
[CONSENT CASE]

NARCISO CARRILLO RODRIGUEZ and all )
others similarly situated under 29 U.S.C. )
216(b), )
       Plaintiff, )
  vs. )
)
BILLY'S STONE CRABS, INC., )
WILLIAM L. HERSHEY, )
       Defendants. )
_____ )

## **PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY**

COME NOW the Plaintiff, by and through the undersigned, pursuant to S.D.L.R. 26.1 and Federal Rules of Civil Procedure 26(b), 33, 34, 36, and 37(a), and files the above-described Motion to Compel Better Responses to Plaintiff's First Request for Production and First Set of Interrogatories, and Plaintiff's First Request for Admissions, directed towards each Defendant, and as grounds thereof states as follows:

1. Plaintiff served Defendants with their initial discovery including Plaintiff's First Request for Production, First Set of Interrogatories, and First Request for Admissions on July 5, 2017.

2. Defendants served their Responses to Plaintiff's First Request for Production, Plaintiff's First Set of Interrogatories, and First Request for Admissions on August 9, 2017. *See* Exhibit "A."

3. Defendants responses were **not** served within thirty (30) days after said discovery was propounded pursuant to Fed.R.Civ.P. 33, 34, and 36. The Parties **did not** agree to an extension of time for Defendants to respond to said discovery. Therefore, all objections should be waived, Defendants should be Ordered to provide all responses and responsive documents to same, and all admissions should be deemed admitted.

4. On August 29, 2017, Plaintiff filed an Unopposed Motion [DE35] for Extension of Time to Comply with S.D.L.R.26.1(g)(1) because Defense counsel advised she needed "a few more weeks" before the individual Defendant was healthy enough to respond to any conferral attempts. However, on September 29, 2017 the Court denied Plaintiff's motion as moot. [DE37].

5. As set forth in more detail below, Defendants have objected to discovery germane to Plaintiff's FLSA overtime wage claim and better responses, and all responsive documents, are needed for Plaintiff to establish a factual record to present to the Court and/or Jury. Plaintiff should be afforded an opportunity to review documents that would be found in the possession, custody, and control of Defendants so as to adequately prepare for the Jury Trial.

6. Having conferred with Defendants and being unable to resolve the following disputes, Plaintiff herein respectfully requests the Court enter an Order (a) compelling Defendants to better respond to Plaintiff's Interrogatories Nos.: 4, 7, 8, 10, without objections, within one week of the Court's Order; (b) compelling Defendants to better respond to and provide all responsive documents to Plaintiff's Request for Production Nos.: 2, 3, 4, 5, 6, 7, 10, 11, 13, 14, 15, 16, 22, 23, 24, 25, 29, 30, 31, 32, 34, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52, without objections, within one week of the Court's Order; (c) directing Defendants to provide a Privilege Log for each objection concerning attorney/client privilege, and if none, withdraw said objection(s); (d) that all objections to the discovery requests are deemed waived; (e) that all that admissions are deemed admitted; and (f) awarding Plaintiff's counsel reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## MEMORANDUM OF LAW

Under Fed. R. of Civ. P. 33, 34, and 36, parties must respond to interrogatories and request for production within thirty (30) days of being served with the discovery, unless the

parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production or inspection.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *Rosenbaum v. Becker &Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. LumbermansMut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on

the party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbachv. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014).

### A. Request for Production

Plaintiff respectfully requests the Court compel Defendants to better respond and provide all responsive documents to Plaintiff's First Request for Production as herein set forth.

**Request for Production Nos.: 2, 3, 4, 5, 6, 7:** Defendants are contesting FLSA coverage/subject-matter jurisdiction, specifically the interstate commerce prong. As such, this information is relevant as to the interstate commerce prong of FLSA coverage/subject-matter jurisdiction. As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). *Polycarpe* clarified that in this Circuit, it is now of no

consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

In the case at bar, Defendants are contesting FLSA coverage/subject-matter jurisdiction, specifically the interstate commerce prong. Such responsive documents would go directly to issues related to whether two or more **employees** (which is not limited to the Plaintiff) regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce. The Southern District of Florida has held that (emphasis added):

> 29 C.F.R. § 779.238. The Eleventh Circuit has also relied on this language to find that enterprise coverage did not exist. *Scott v. K.W. Max Investments,* 256 F.App'x 244, 248-49, No. 07-10649, 2007 WL 2850926, at ----3-4 (11th Cir. Oct.2, 2007) (unpublished). However, that opinion is not binding, and even if it were, the factual differences are so great as to make the case nearly inapplicable. Furthermore, **to the extent Defendants believe that the individual employees that have brought suit must regularly and recurrently engage in the handling of goods of materials that have moved in interstate**

> commerce, **<u>Defendants have misread the regulation</u>**. The regulation requires that the *enterprise* regularly and recurrently have **two or more employees** engaged in such activities, and **<u>does not require that it be the individuals bringing suit</u>**.

*Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), <u>aff'd,</u> 432 Fed. Appx. 801 (11th Cir. 2011). *Galdames supra* clarifies (under enterprise coverage) that it is sufficient if "**two or more employees** engaged in such activities, and does not require that it be the individuals bringing suit." *Id. See also*, *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1373 (S.D. Fla. 2008)("Plaintiff must also demonstrate that Defendants' employees handled interstate material on a "regular and recurrent" basis. *See* 29 C.F.R. § 779.238"); *Olson v. Star Lift Inc.,* 709 F. Supp. 2d 1351, 1355 (S.D. Fla. 2010)(emphasis added)("Because no evidence produced at trial established that Defendants had **two or more employees** regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce, there is no enterprise coverage in this case.").

     The responsive documents requested are directly relevant to assist in determining whether Plaintiff and other employees were handling goods and materials that originated from outside the state of Florida and what products those were as they will reveal where Defendants' supplies are purchased, manufactured etc., especially with regards to the schedules attached to said filings. Further, the requested financial documents, Defendants' tax returns and the underlying schedules, would reflect information relevant to interstate commerce and reveal where Defendants' supplies are purchased, manufactured etc. For example, Schedule L of Federal Tax Returns reflect "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." Under "Other Deductions" (Form 1065 Line 20) it would

include uniforms, computers, office expenses, supplies, automobile and truck expenses, and other such expenses which are directly relevant to Defendants' dispute regarding interstate commerce and regarding whether Plaintiff was an independent contractor. The underlying documents provided to Defendants' accountant would reflect Defendants' inventories and may also reflect where these items were purchases and manufactured. Defendants' objections that were interposed are spurious and/or nondescript at best. Defendants' bank statements would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer. Employers also have the responsibility to withhold taxes and pay social security and Plaintiff should have the opportunity to review the documents with regards to same. The aforementioned responsive financial documents would also reflect how Defendants classified Plaintiff and what amounts of money they were paying Plaintiff (i.e. W-2/1099 forms). *See Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendants). Therefore, the Court should direct Defendants to better respond to Request for Production No.: 2, 3, 4, 5, 6, 7 and provide all responsive documents to same without objections.

**Request for Production Nos.: 10, 11, 13, 15, 16, 22, 23, 24, 25, 29, 30, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52.**

A party responding to a discovery request must either produce documents "as they are kept in the usual course of business," or "must organize and label them to correspond to the

categories in the request." Fed.R.Civ.P. 34(b)(2)(E)(i). Rule 34(b)(2)(E)(i) is intended to prevent parties from hiding "a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D.Wis.2004). In this case, Defendants have produced one-hundred and eighty two (182) documents. In Defendants' responses to the Request for Production numbered above, Defendants state "documents in Defendants' possession that are responsive to this request are being produced herewith.", however, Defendants' do not specify which documents relate to which request. Therefore, the Court should direct Defendants to better respond and to provide all responsive documents, without objections, to Request for Production Nos.: 10, 11, 13, 15, 16, 22, 23, 24, 25, 29, 30, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52.

**Request for Production Nos 31, 32:** Plaintiff reincorporates the law and facts as set forth above.Plaintiffs need the opportunity to explore Defendants' Affirmative Defense that Plaintiff is exempt under the executive and administrative exemptions. Comparing Defendant's employee's personal files in a supervisory position to that of Plaintiff's personal file will be instrumental to exploring Defendants' Affirmative Defense. Further, Plaintiff will also be able to compare the hours worked and the amount of money received by supervisors in relation to wages paid to the Plaintiff. Therefore, the Court should direct Defendants to better respond to Request for Production No. 31 and 32 and provide all responsive documents to same.

   B. <u>Interrogatories:</u>

   **Interrogatory No. 1:** Plaintiff reincorporates the law and facts as set forth above in Request for Production Nos.: 2, 3, 4, 5, 6, 7. Therefore, the Court should direct Defendants to better respond to Interrogatory No. 1.

**Interrogatory Nos.: 7, 8:** Plaintiff reincorporates the law and facts as set forth above. The Interrogatory seeks for Defendants to list witnesses AND their addresses. Defendants answer is non-responsive.

**Interrogatories No. 10:** Plaintiff reincorporates the law and facts as set forth above. The response is incomplete as the request specifically states "please include the dates, times, locations, and specific content of communications, whether oral or written". Defendants have not stated any of the above in their response. Therefore, the Court should direct Defendants to better respond to Interrogatory No. 10.

**Request for Admissions:**

Fed.R.Civ.P. 36(a) allows a party to "serve upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact." If a party does not respond within thirty days of service of the requests, or within such time as court allows or the parties agree to in writing, "[t]he matter is admitted." *Id.* "Any matter admitted [under Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admissions. Fed.R.Civ.P 36(b). Therefore, pursuant to Fed.R.Civ.P. 36(a), failure to timely respond to requests for admission results in *automatic* admission of the matters requested.

Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore,

failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit.

The Court ought to sanction Defendants as follows pursuant to Rule 37(a)(4)(A). Pursuant to Rule 37(a)(4)(A);

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff needs the said discovery responses and responsive documents to address issues relevant to the case at bar to establish a factual record that can be presented to the Court and/or Jury. Moreover, Defendants have failed to respond and have waived, therefore, any potential objections. Plaintiff respectfully requests Plaintiff be awarded all attorneys' fees incurred in relation to this Motion and all related work associated with same.

WHEREFORE Plaintiff respectfully requests the Court enter an Order (a) compelling Defendants to better respond to Plaintiff's Interrogatories Nos.: 4, 7, 8, 10, without objections, within one week of the Court's Order; (b) compelling Defendants to better respond to and provide all responsive documents to Plaintiff's Request for Production Nos.: 2, 3, 4, 5, 6, 7, 10, 11, 13, 14, 15, 16, 22, 23, 24, 25, 29, 30, 31, 32, 34, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52, without objections, within one week of the Court's Order; (c) directing Defendants to provide a Privilege Log for each objection concerning attorney/client privilege, and if none, withdraw said objection(s); (d) that all objections to the discovery requests are deemed waived; (e) that all that

admissions are deemed admitted; and (f) awarding Plaintiff's counsel reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel has conferred with Defense Counsel, Grissel Seijo, Esq., who has not agreed to provide better responses and responsive documents as she is unable to reach the Defendant.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 10/10/17 TO:**

**GRISSEL SEIJO, ESQ.
LITTLER MENDELSON, P.C.
333 SE 2ND AVENUE, SUITE 27000
MIAMI, FL 33133
PH: 305-400-7500
FAX: 305-603-2552
EMAIL: GSEIJO@LITTLER.COM**

**BY:_____/s/ Neil Tobak_____
NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-60867-CIV-AOV
[CONSENT CASE]

NARCISO CARRILLO RODRIGUEZ and all )
others similarly situated under 29 U.S.C. )
216(b), )
        Plaintiff, )
vs. )
  )
BILLY'S STONE CRABS, INC., )
WILLIAM L. HERSHEY, )
        Defendants. )
_____ )

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1. ALL ADMISSIONS ARE DEEMED ADMITTED AND ALL OBJECTIONS ARE DEEMED WAIVED;

2. DEFENDANTS, BILLY'S STONE CRABS, INC., AND WILLIAM L. HERSHEY, SHALL PROVIDE BETTER RESPONSES TO PLAINTIFF'S INTERROGATORIES NOS.: 4, 7, 8, 10, ON OR BEFORE _____, 2017. DEFENDANTS' OBJECTIONS TO SAID DISCOVERY REQUESTS ARE DEEMED WAIVED;

3. DEFENDANTS, BILLY'S STONE CRABS, INC., AND WILLIAM L. HERSHEY, SHALL PROVIDE BETTER RESPONSE AND ALL RESPONSIVE DOCUMENTS TO PLAINTIFF'S REQUEST FOR PRODUCTION NOS.: 2, 3, 4, 5, 6, 7, 10, 11, 13, 14, 15, 16, 22, 23, 24, 25, 29, 30, 31, 32, 34, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52, ON

OR BEFORE _____, 2017. DEFENDANTS' OBJECTIONS TO SAID DISCOVERY REQUESTS ARE DEEMED WAIVED.

4. PLAINTIFF IS AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK AGAINST DEFENDANTS, BILLY'S STONE CRABS, INC., AND WILLIAM L. HERSHEY, JOINTLY AND SEVERALLY. PLAINTIFF IS HEREBY AWARDED FEES AND COSTS ASSOCIATED WITH THE ABOVE-DESCRIBED MOTION. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS _____ DAY OF _____, 2017.

_____
ALICIA O. VALLE
UNITED STATES MAGISRATE JUDGE

Copies to: Counsel of Record