UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-60867-CIV-AOV[CONSENT CASE]

NARCISO CARRILLO RODRIGUEZ and all )
others similarly situated under 29 U.S.C. )
216(b), )
    Plaintiff, )
  vs. )
BILLY'S STONE CRABS, INC., )
WILLIAM L. HERSHEY, )
    Defendants. )
_____ )

### PLAINTIFF'S REPLY TO [DE44]

COMES NOW the Plaintiff, by and through the undersigned, and hereby Replies to [DE44], and as grounds thereof states as follows:

1. Defendants' contention that Plaintiff played a game of "gotcha" is baseless. As promulgated by Federal Rules of Civil Procedure 33, 34, and 36, Defendants had thirty (30) days to respond to Plaintiff's discovery requests. Absent a response by Plaintiff's counsel to their conferral email, Defendants should have sought relief from the Court and not relied on assumptions; Defendants' conferral was sent in the eleventh hour and without providing a basis for same.

2. While it is true, the Parties **may** stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions, the Parties are under no obligation to stipulate to same. *See* [DE24]. Further, Defendants provided no reasonable justification for any extension of deadlines. Any assumption that a stipulation would be agreed to, without actual verification of same, is an irresponsible exercise in discovery practices and is an unsatisfactory excuse.

3. As set forth in more detail below, Defendants have objected to discovery germane to Plaintiff's FLSA overtime wage claim and better responses are needed for Plaintiff to establish a factual record to present to the Court and/or Jury. Plaintiff should be afforded an opportunity to review documents that would be found in the possession, custody, and control of Defendants so as to

adequately prepare for Jury Trial and/or to create a factual record related to Plaintiff's overtime wage claim.

**Request for Admissions:**

Under Fed. R. of Civ. P. 33, 34, and 36, parties must respond to interrogatories, request for admissions, and request for production within thirty (30) days of being served with the discovery, unless the parties stipulate to another date. Failure to respond within that period results in the admissions being deemed admitted. *See id.*; *See also, Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) ("The served party has thirty days after service to respond to the request— by a written answer 'specifically deny[ing] the matter' or 'set[ting] forth in detail the reasons why [it] cannot truthfully admit or deny the matter' or by objecting to the request.... If a party fails to respond within thirty days, then '[t]he matter is admitted.'") (quoting Fed. R. Civ. P. 36) *Mierzwicki v. Citigroup, Inc.*, No. 14-CV-61753, 2015 WL 13388667, at *3 (S.D. Fla. Oct. 13, 2015).

**Request for Production Nos. 2, 3, 4, 5, 6, and 7**

Rule 34(b)(2) states the party whom production request is directed, must respond in writing within 30 days after being served, unless stipulated to under Rule 29 or be ordered by the Court. Fed. R. Civ. P. 34(b)(2). At no time, in the case at bar, did Plaintiff's stipulate to extend the time for Defendants' to respond to discovery. In Defendants response, Defendants claim they are not contesting interstate commerce prong of FLSA Jurisdiction, yet Defendants' Answer and Affirmative Defenses specifically denies same. [DE16 ¶10]. In addition, Defendants' taxes relate directly to their affirmative defense thirteen, executive and administrative exemptions. The taxes as well as all underlying documents produced to their accountant (RFPNos.2-5), would show how Plaintiff was classified (i.e. full time or part time employee, and salaried or hourly wage, etc.). Bank records (RFPNo.6) would reveal any payments made to Plaintiff. Plaintiff's would be able to

explore wages paid to Plaintiff in comparison to payments made to other employees to determine comparable employee status. Additionally, contracts with clients (RFPNo.7) from 2014-2017, would indicate whether Plaintiff had any managerial or signatory authority.

**Request for Production Nos. 10, 11, 13, 15, 16, 22, 23, 24, 25, 29, 30, 37, 38, 39 40, 41, 42, 43, 45, 46, 47, 51, and 52**

Defendants claim there is no basis "to go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to." On the contrary, Rule 34 is generally designed to facilitate discovery of relevant information, mingling relevant and non-relevant documents is disfavored in this district. *Armor Screen Corp. v. Storm Catcher, Inc.,* 2009 WL 291160, *2 (S.D. Fla., Feb. 5, 2009). As one district court in the Eleventh Circuit noted: "It is beyond reasonable dispute that a party fails to meet its obligations under Rule 34 if it simply provides boxes of files in an undifferentiated mass. In addition, however, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business*." In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2009 WL 152495, at *2 (M.D. Ga. Jan. 22, 2009); *see also Armor Screen,* 2009 WL 291160, at *2 ("A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect."); *Wagner v. Dryvit Sys., Inc.,* 208 F.R.D. 606, 610-11 (D. Neb. 2001) ("producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34"). *Liles v. Stuart Weitzman, LLC*, No. 09-61448-CIV, 2010 WL 11505129, at *7 (S.D. Fla. Apr. 22, 2010)

**Request For Production Nos. 31and 32**

Plaintiff's ability to explore Defendant's pay practices to supervisors and managers is directly linked to defendants affirmative Defense of good faith and managerial exemption.

Furthermore, the imposition of liquidated damages of the wage damages requires Defendants to demonstrate they acted in good faith. As to good faith, such documents at trial will assist the jury in understanding Defendants' possible practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance and/or misclassification of employees as managers and the resulting violations of the applicable Federal and Florida laws. Pursuant to the Eleventh Circuit ruling in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed). While it is true that liquidated damages are decided by the Court post-trial if the Plaintiffs prevail, the Court should permit Plaintiff to review said documents so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendants acted in good faith. If there are issues related to confidentiality in any agreements reached then Defendants need to follow the Federal Rules and file a Privilege Log, which they have failed to do. Moreover, some of Plaintiff's supervisors may be deposed and Plaintiff needs the opportunity to validate their deposition testimony with regards to the hours they were working and said hours in relation to the hours Plaintiffs were working. Further, it is important to review their wages to determine whether they were paid for their overtime hours worked and if so, if it was in cash payments.

**Interrogatory No. 1.**

Defendants fail to mention that interrogatory No. 1 request the responding individual "Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories," in addition to the employment relationship with Defendants. In their answer Defendants did not object, and therefore all objections have been waived. Therefore, the Court should direct Defendants to better respond to Interrogatory No. 1.

**Interrogatory No. 7.**

The Interrogatory seeks for Defendants to list witnesses AND their addresses. Defendants' response is void of any controlling or even persuasive authority. Therefore, the Court should direct Defendants to better respond to Interrogatory Nos. 7.

**Interrogatory No. 8.**

Plaintiffs reincorporate the law and facts as set forth above. Further, Plaintiffs should not be barred from having relevant information which can be used in deposing key witnesses because Defendants believe Plaintiffs have the information they need from Defendants' cherry-picked witnesses.

**Interrogatory No. 10**

Interrogatory No. 10 specifically ask to "include dates, times, location, and specific content of communications", to which Defendants' response was non-responsive.

WHEREFORE Plaintiff respectfully requests the Court enter an Order (a) compelling Defendants to better respond to Plaintiff's Interrogatories Nos.: 4, 7, 8, 10, without objections, within one week of the Court's Order; (b) compelling Defendants to better respond to and provide all responsive documents to Plaintiff's Request for Production Nos.: 2, 3, 4, 5, 6, 7, 10, 11, 13, 14, 15, 16, 22, 23, 24, 25, 29, 30, 31, 32, 34, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 51, 52, without objections, within one week of the Court's Order; (c) directing Defendants to provide a Privilege Log for each objection concerning attorney/client privilege, and if none, withdraw said objection(s); (d) that all objections to the discovery requests are deemed waived;  (e) that all that admissions are deemed admitted; and (f) awarding Plaintiff's counsel reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 93940

**CERTIFICATE OF SERVICE**
**I HEREBY CERTIFY THAT A TRUE AND CORRECTCOPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 10/24/17 TO:**

**GRISSEL SEIJO, ESQ.**
**LITTLER MENDELSON, P.C.**
**333 SE 2ND AVENUE, SUITE 27000**
**MIAMI, FL 33133**
**PH: 305-400-7500**
**FAX: 305-603-2552**
**EMAIL: GSEIJO@LITTLER.COM**

**BY:_____/s/ Neil Tobak_____**
**NEIL TOBAK, ESQ.**