UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-60867-VALLE

<u>CONSENT CASE</u>

NARCISO CARRILLO RODRIGUEZ,

      Plaintiff,

v.

BILLY'S STONE CRABS, INC., and
WILLIAM L. HERSHEY,

      Defendants.

_____/

## JOINT STATUS REPORT ON DISCOVERY MOTION

Pursuant to this Court's Order Setting Hearing on Discovery Motion dated October 11, 2017 (ECF No. 42) and its Order Granting the Joint Motion for Enlargement of Time to File a Joint Status Report (ECF No. 48) and the applicable Federal Rules of Civil Procedure, the Parties file this Joint Status Report on Discovery Motion[1].

## INTERROGATORIES

**Request No. [ 1 ]:**  Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

**Response**:  These interrogatory objections and answers were drafted by the undersigned counsel for Defendants. The information contained in the answers was gathered from a review of documents being produced by Defendants in response to Defendants' Response to Plaintiff's Statement of Claim and Defendants' Response to Plaintiff's First Request for Production of Documents, and/or from individuals in Defendant Billy's corporate offices. All of the information contained in these answers has been verified by William Hershey.

---

[1] The Parties reserve the right to make any additional arguments not made herein, at Motion hearing set for 11/6/2017 at 1:00 pm [DE42].

| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Defendants fail to state the legal name, address, phone number, and social security number of the person responding to these interrogatories. Further the Interrogatories were directed to Defendants William Hershey and Corporate Representative of Billy's. Responses to request should be based on Defendants knowledge within his possession custody or control, not just on a "review of documents being produced by Defendants in response to Defendants' Response to Plaintiff's Statement of Claim and Defendants' Response to Plaintiff's First Request for Production of Documents, and/or from individuals in Defendant Billy's corporate offices". This response leaves open the possibility Defendants have not fully responded to interrogatory requests. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein. The response to the interrogatory clearly states the person responding to the interrogatories. The attorneys' legal name and business address and phone number appear on the document. The social security number of the attorney is irrelevant to whether Plaintiff was properly classified as an exempt employee and, therefore, not paid overtime wages. Moreover, Defendant Hershey verified the answers for himself personally and as the corporate representative. | |
|---|---|---|

**Request No. [ 7 ]:** Please state the name, address, date of birth, social security numbers, and telephone number of all of Defendant's employees and/or independent contractors and/or laborers, that had/have the same and/or similar job title and/or duties as Plaintiff, from the years 2014, 2015, 2016, and 2017.

**Response:** Defendants object to Interrogatory No. 7 as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding any individuals other than Plaintiff. Plaintiff has not requested, nor received, authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other individuals is premature. At this time, Plaintiff is only entitled to receive information relevant to the facts and circumstances of his own individual claim against Defendants.

Defendants further object to this Interrogatory on the same grounds, to the extent that it requests information that pre-dates Plaintiff's employment with Defendant Billy's.

Defendants furthermore object to this Interrogatory to the extent that it requests information that invades the privacy of non-party individuals by seeking personal and confidential information regarding social security numbers.

Subject to and without waiving the foregoing objections, Plaintiff trained and supervised William Williams to become a Fish House Manager during the second half of the year in 2016 and 2017.

| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. In addition to the "Name" the request asks for, address, date of birth, social security numbers, and telephone number so the Plaintiff can do his own independent investigation of witness(s) and <u>Subpoena</u> same if necessary. Further as response is "subject" to objection, it is unclear whether Defendants have provided all of Defendant's employees and/or independent contractors and/or laborers, that had/have the same and/or similar job title and/or duties as Plaintiff, from the years 2014, 2015, 2016, and 2017. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication.  Defendants incorporate and renew their objections herein.  Courts have long held that discovery is not a fishing expedition. Defendants provided the name of the one employee with the same or similar title as Plaintiff from the years 2014 through 2017.  Mr. Williams' date of birth, social security number and telephone number are not relevant to Plaintiff's claims that he was misclassified as an exempt employee and, accordingly, not paid overtime wages. | |
|---|---|---|

<u>**Request No. [ 8  ]:**</u>  Please state the name, last known address, social security number, date of birth, and last known telephone number(s) of all of Defendant's employees, that worked at the same location Plaintiff worked at during the relevant time period.

<u>**Response**</u>:  Defendants object to Interrogatory No. 8 as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding any individuals other than Plaintiff. Plaintiff has not requested, nor received, authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other individuals is premature. At this time, Plaintiff is only entitled to receive information relevant to the facts and circumstances of his own individual claim against Defendants.

Defendants further object to this Interrogatory to the extent that it requests information that invades the privacy of non-party individuals by seeking personal and confidential information regarding social security numbers.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiffs reincorporate the law and facts as set forth above. Further, Plaintiffs should not be barred from having relevant information which can be used in deposing key witnesses because Defendants believe Plaintiffs have the information they need from Defendants' cherry-picked witnesses. Additionally, Plaintiff must be able to explore Defendants' relationship to each category of employee they employ to determine which type of employment is comparable to Plaintiff's employment, as Defendants claim plaintiff is a manager. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication.  Defendants incorporate and renew their objections herein.  Plaintiff seeks to create a fishing expedition regarding his claim of unpaid wages.  Plaintiff was a manager who was classified as an exempt employee in the Fish House.  Defendants provided the name of the person who held the same or similar position as Plaintiff.  The names, last known address social security number, date of birth, and last known telephone number(s) of all of Defendant's employees, is not relevant to Plaintiff's claim that he was a misclassified employee who is owed overtime wages. | |

### REQUEST FOR PRODUCTION

| |
|---|
| **Request No. [ 2 ]:**  A copy of the Corporate Defendant's federal tax returns for the year 2014, 2015, 2016, and 2017, including quarterly reports (filed with both the IRS and state of Florida). <br><br> **Response**:  Defendants object to Request No. 2 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is beyond the scope of the issues involved in the instant action. This is particularly true, given that Defendant Billy's has already admitted that it grossed $500,000 or more during the relevant time period. *See* Response to Plaintiff's Request for Admission No. 11. |

| | |
|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. In Defendants response, Defendants claim they are not contesting interstate commerce prong of FLSA Jurisdiction, yet Defendants' Answer and Affirmative Defenses specifically denies same. [DE16 ¶10]. The responsive documents requested are directly relevant to assist in determining whether Plaintiff and other employees were handling goods and materials that originated from outside the state of Florida and what products those were as they will reveal where Defendants' supplies are purchased, manufactured etc., especially with regards to the schedules attached to said filings. In addition, Defendants' taxes relate directly to their affirmative defense thirteen, executive and administrative exemptions. The taxes as well as all underlying documents produced to their accountant (RFPNos.2-5), would show how Plaintiff was classified (i.e. full time or part time employee, and salaried or hourly wage, etc.). | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants have **agreed** to stipulate to the fact that Defendant Billy's is an employer and subject to the FLSA subsequent to the filing of the Answer and Affirmative Defenses.  Moreover, Plaintiff seeks information that is already in his possession.  Plaintiff was classified as a full time salaried employee as is evidence by the wage statements and records already produced to Plaintiff in Defendants' Response to Plaintiff's Statement of Claim, Its Responses to the Request for Admissions, and in Defendants' Responses to the Request for Production. | |

**Request No. [ 3 ]:** A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2014, 2015, 2016, and 2017, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2014, 2015, 2016, and 2017.

**Response:** Defendants object to Request No. 3 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is beyond the scope of the issues involved in the instant action. This is particularly true, given that Defendant Billy's has already admitted that it grossed $500,000 or more during the relevant time period. *See* Response to Plaintiff's Request for Admission No. 11.

Defendants further object to this Request to the extent is seeks information protected by the accountant-client privilege.

| Movant's position: Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. In Defendants response, Defendants claim they are not contesting interstate commerce prong of FLSA Jurisdiction, yet Defendants' Answer and Affirmative Defenses specifically denies same. [DE16 ¶10]. The responsive documents requested are directly relevant to assist in determining whether Plaintiff and other employees were handling goods and materials that originated from outside the state of Florida and what products those were as they will reveal where Defendants' supplies are purchased, manufactured etc., especially with regards to the schedules attached to said filings. In addition, Defendants' taxes relate directly to their affirmative defense thirteen, executive and administrative exemptions. The taxes as well as all underlying documents produced to their accountant (RFPNos.2-5), would show how Plaintiff was classified (i.e. full time or part time employee, and salaried or hourly wage, etc.). | Opponent's position: As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants have **agreed** to stipulate to the fact that Defendant Billy's is an employer and subject to the FLSA subsequent to the filing of the Answer and Affirmative Defenses.  Moreover, Plaintiff was classified as a full time salaried employee as is evidence by the wage statements and records already produced to Plaintiff in Defendants' Response to Plaintiff's Statement of Claim, Its Responses to the Request for Admissions, and in Defendants' Responses to the Request for Production. | |
|---|---|---|

**Request No. [ 4 ]:**  A copy of all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2014, 2015, 2016, and 2017, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2014, 2015, 2016, and 2017.

**Response**:  Defendants object to Request No. 4 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is beyond the scope of the issues involved in the instant action. This is particularly true, given that Defendant Billy's has already admitted that it grossed $500,000 or more during the relevant time period. *See* Response to Plaintiff's Request for Admission No. 11.

Defendants further object to this Request to the extent is seeks information protected by the accountant-client privilege.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff reincorporates the facts and laws above. Further Plaintiff accountant client privilege does not exist under federal law. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy via extension phone and email communication. Defendants incorporate and renew their objections herein.  Defendants have **agreed** to stipulate to the fact that Defendant Billy's is an employer and subject to the FLSA subsequent to the filing of the Answer and Affirmative Defenses and as part of its Responses to the Request for Admissions. | |

**Request No. [ 5 ]:**  All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue by Defendants for the years 2014, 2015, 2016, and 2017.

**Response**:  Defendants object to Request No. 5 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is beyond the scope of the issues involved in the instant action. This is particularly true, given that Defendant Billy's has already admitted that it grossed $500,000 or more during the relevant time period. *See* Response to Plaintiff's Request for Admission No. 11.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff reincorporates the facts and laws above. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein. Defendants have **agreed** to stipulate to the fact that Defendant Billy's is an employer and subject to the FLSA subsequent to the filing of the Answer and Affirmative Defenses and as part of its Responses to the Request for Admissions. | |

**Request No. [ 6 ]:**  All of the Defendants' bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks the Defendants have/had accounts with for the years 2014, 2015, 2016, and 2017.

**Response**:  Defendants object to Request No. 6 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is beyond the scope of the issues involved in the instant action. This is particularly true, given that Defendant Billy's has already admitted that it grossed $500,000 or more during the relevant time period. *See* Response to Plaintiff's Request for Admission No. 11.

| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Bank records (RFPNo.6) would reveal any payments made to Plaintiff. Plaintiff's would be able to explore wages paid to Plaintiff in comparison to payments made to other employees to determine comparable employee status. Further, Defendants' bank statements would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer, as not clear stipulation to the interstate commerce prong of FLSA coverage has been made. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy via phone and email communication. Defendants incorporate and renew their objections herein. Defendants have **agreed** to stipulate to the fact that Defendant Billy's is an employer and subject to the FLSA subsequent to the filing of the Answer and Affirmative Defenses. Moreover, Plaintiff was classified as a full time salaried employee as is evidence by the wage statements and records already produced to Plaintiff in Defendants' Response to Plaintiff's Statement of Claim, Its Responses to the Request for Admissions, and in Defendants' Responses to the Request for Production. Further, the information sought regarding non-party individuals is irrelevant to Plaintiff's overtime claim. | |
|---|---|---|

**Request No. [ 7 ]:** A copy of all contracts between Defendants and their clients from the years 2014, 2015, 2016, and 2017..

**Response**: Defendants object to Request No. 7 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is beyond the scope of the issues involved in the instant action. Defendants are not aware of any reason why contracts between Defendants and their clients have any potential relevance to the claims and defenses asserted in this case. This is particularly true, given that Defendant Billy's has already admitted that it grossed $500,000 or more during the relevant time period. *See* Response to Plaintiff's Request for Admission No. 11.

Defendants further object to the Request on these same grounds to the extent that the Request seeks "all" contracts between Defendants and their clients, without identifying, defining, or limiting the types of contracts sought. Such Request invariably includes documents that have no relation to Plaintiff's claims or Defendants' defenses, that are not readily accessible and/or are burdensome to retrieve, that are duplicative of other evidence being sought in this case, and that are otherwise not proportional to the needs of the case.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Contracts with clients (RFPNo.7) from 2014-2017, would indicate whether Plaintiff had any managerial or signatory authority, as Defendants have claimed Plaintiff is exempt as a manager. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants have **agreed** to stipulate to the fact that Defendant Billy's is an employer and subject to the FLSA subsequent to the filing of the Answer and Affirmative Defenses.  Moreover, Plaintiff was classified as a full time salaried employee as is evidence by the wage statements and records already produced to Plaintiff in Defendants' Response to Plaintiff's Statement of Claim, Its Responses to the Request for Admissions, and in Defendants' Responses to the Request for Production.  Further, the information sought regarding all contracts including the years that Plaintiff did not work for Plaintiff is irrelevant.  Furthermore, information on Plaintiff's corporate credit card was produced as part of Defendants' Responses to Plaintiff's Request for Production. | |

<u>**Request No. [ 11 ]:**</u>  All contracts/documents of employment relating to Plaintiff's employment with Defendants.

<u>**Response**</u>:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 10

| | | |
|---|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 13  ]:**  All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants..

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 11

**Request No. [ 14 ]:** A list of all employees with names, phone numbers and addresses that Defendants has employed during Plaintiff's entire period of employment with Defendants.

**Response**: Defendants object to Request No. 14 on the grounds that it is overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding any individuals other than Plaintiff. Plaintiff has not requested, nor received, authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other individuals is premature. At this time, Plaintiff is only entitled to receive information relevant to the facts and circumstances of his own individual claim against Defendants.

Defendants further object to this Request on these same grounds, to the extent that it is not limited to information regarding employees who worked at the same location as Plaintiff.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiffs should not be barred from having relevant information which can be used in deposing key witnesses because Defendants believe Plaintiffs have the information they need from Defendants' cherry-picked witnesses. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein. Plaintiff should not be allowed to conduct a fishing expedition during discovery, but rather be provided with information that is relevant to Plaintiff's claim that he was misclassified as an exempt employee, and therefore, owed overtime wages. All documents relevant to Plaintiff's claims have been produced. | |

**Request No. [ 15 ]:** All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendant as stated in the complaint..

**Response**: Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 16 ]:** Any and all documents identified in Defendant's responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

**Response:** Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 13

---

**Request No. [ 22 ]:**  Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to its payment of overtime and minimum wages compensation during the relevant time period.

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | |
|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. |

**Request No. [ 23 ]:**  Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 24 ]:** Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment by the Defendants.

**Response**: Documents in Defendants' possession that are responsive to this request are being produced herewith.

| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. Of the 182 pages of documents produced the time cards, time and attendance sheets and wage statements are easily identified. | |

**Request No. [ 25 ]:**  All paychecks, W-2 statements, 1099 statements and other payroll documents, which reflect the wages, paid to Plaintiff by the Defendants during the relevant time period.

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well.  Of the 182 pages of documents produced the time cards, time and attendance sheets and wage statements are easily identified. | |

**Request No. [ 29 ]:**  Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendant's employment policies, practices and procedures in effect at any time since January 1, 2002, including any amendments or modifications thereto.

**Response**:  Defendants object to Request No. 29 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to employee handbooks, personnel policies, or other documents that were in effect during Plaintiff's employment with Defendant Billy's. Subject to and without waiving the foregoing objections, documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. Further as response is "subject" to objection, it is unclear whether Defendants have provided all documents requested | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 30 ]:** The complete personnel file of Plaintiff and any and all other documents related to his employment by the Defendants.

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. Further as response is "subject" to objection, it is unclear whether Defendants have provided all documents requested. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 31 ]:**  The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

**Response**:  Defendants object to Request No. 31 on the grounds that it is overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding any individuals other than Plaintiff. Plaintiff has not requested, nor received, authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other individuals is premature. At this time, Plaintiff is only entitled to receive information relevant to the facts and circumstances of his own individual claim against Defendants. Defendants are not aware of any reason why the personnel files of other supervisors has any potential relevance to the claims and defenses asserted in this case.

Defendants further object to this Request on these same grounds, to the extent that it requests information that is beyond the scope of the issues involved in the instant action. Defendants are not aware of any reason why the personnel files of other supervisors have any potential relevance to the claims and defenses asserted in this case.

Defendants furthermore object to this Request on these same grounds, and as vague and ambiguous, to the extent that it does not identify, define, or limit the types of documents requested from the personnel files of other supervisor. Defendants furthermore object to this Request to the extent that it requests information that invades the privacy of non-party individuals by seeking many documents that contain personal confidential information.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate via another date. Plaintiffs should not be barred from having relevant information which can be used in deposing key witnesses because Defendants believe Plaintiffs have the information they need from Defendants' cherry-picked witnesses. Additionally, Plaintiff must be able to explore Defendants' relationship to each category of employee they employ to determine which type of employment is comparable to Plaintiff's employment, as Defendants claim plaintiff is a manager. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  The complete personnel file of ***each and every*** person who held a supervisory position is irrelevant to whether Plaintiff was misclassified as an exempt employee, and therefore, owed overtime wages. Plaintiff was provided with documents that evidence that Plaintiff was an exempt manager including his business cards, copies of check he issued on behalf of Defendant Billy's and his corporate credit card. | |

**Request No. [ 32 ]:**  Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors other than the Plaintiff employed at the Defendants' facility during the relevant time period.

**Response**:  Defendants object to Request No. 32 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding any individuals other than Plaintiff. Plaintiff has not requested, nor received, authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other individuals is premature. At this time, Plaintiff is only entitled to receive information relevant to the facts and circumstances of his own individual claim against Defendants.

Defendants further object to this Request on these same grounds, to the extent that it requests information that is beyond the scope of the issues involved in the instant action. Defendants are not aware of any reason why the time cards and attendance sheets of other supervisors have any potential relevance to the claims and defenses asserted in this case.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate via another date. Defendant maintain's Plaintiff is a supervisor/manager, therefor Plaintiff must have the opportunity to explore Defendants' employees in similar job positions to determine any similarities/dissimilarities. | **Opponent's position: As** stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  ***Any and all*** time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors other than the Plaintiff is not relevant to the hours worked by the Plaintiff and whether he is owed overtime wages for hours worked over 40 hours a week. | |

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 19

**Request No. [ 37 ]:**  Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his employment by the Defendant.

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

| | |
|---|---|
| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. |

**Request No. [ 38 ]:**  Any and all documents on which Defendant intends to rely at trial to support its affirmative defense set forth in its Answer to this complaint.

**Response**:  Defendants object to Request No. 38 on the grounds that it is premature as discovery in this case is ongoing and documents related to Defendants' defenses will become known during discovery.

Defendants further object to this Request based upon the attorney-client privilege and/or the work product doctrine, insofar as it purports to seek counsel's mental impressions as to what documents support Defendants' defenses. Subject to and without waiving the foregoing objections, non-privileged documents in Defendants' possession that are responsive to this request are being produced.

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 20

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Defendant's objections suggest documents are being withheld due to Attorney/client Privilege, as such per Federal Rules Defendants must provide a privilege log, which has not been produced. To date Defendants have not amended discovery to remove Attorney/Client Privilege objection. Further, Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well.  Further, Defendants **agreed** to amend their responses to this Request to remove the assertion of attorney client privileged communication. | |

**Request No. [ 39 ]:**  Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

**Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 21

| **Movant's position:** Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 40 ]:**  All documents and/or electronic data which refer or relate to Plaintiff's employment with Defendants, including but not limited to, personnel documents, job descriptions, documents describing job duties and responsibilities, fringe benefits, records of wages, and changes in rate of pay.

**Response**:  Defendants object to Request No. 40 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence insofar as the Request seeks "all documents and/or electronic data" regarding Plaintiff's employment. Such Request invariably includes documents that have no relation to Plaintiff's claims or Defendant's defenses, that are not readily accessible and/or are burdensome to retrieve, that are duplicative of other evidence being sought in this case; and that are otherwise not proportional to the needs of the case. Subject to and without waiving the foregoing objections, documents in Defendants' possession that are responsive to this request will be produced.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |

**Request No. [ 41 ]:**  All letters, emails, or correspondence between you and any other person, agency, corporation, and the like, including persons employed by Defendants, referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

**Response**:  Defendants object to Request No. 41 to the extent is seeks information protected by the work product doctrine and/or the attorney-client privilege. Subject to and without waiving the foregoing objections, non-privileged documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein. Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. | |

**Request No. [ 42 ]:** All documents and/or electronic data, telephone records, text message records referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

**Response**: Defendants object to Request No. 42 to the extent is seeks information protected by the work product doctrine and/or the attorney-client privilege. Subject to and without waving the foregoing objections, non-privileged documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. Defendant's objections suggest documents are being withheld due to Attorney/client Privilege, as such per Federal Rules Defendants must provide a privilege log, which has not been produced. To date Defendants have not amended their interrogatory responses, to remove Attorney/Client Privilege objection. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein. Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff. There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to. Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. Further, Defendants **agreed** to amend their responses to this Request to remove the assertion of attorney client privileged communication. | |

**Request No. [ 43 ]:** All tapes, including videotapes or recordings, of oral conversations, or verbal notes regarding same, which refer or relate to the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses, including but not limited to, events recited in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses, discussions with potential witnesses, and names and locations of potential witnesses.

**Response**: Defendants object to Request No. 43 to the extent is seeks information protected by the work product doctrine and/or the attorney-client privilege. Subject to and without waiving the foregoing objections, Defendants do not have any non-privileged documents that are responsive to this request.

| | |
|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. |

**Request No. [ 45 ]:**  Any and all documents and/or electronic data which Defendants intend to rely on at trial.

**Response**:  Defendants object to Request No. 45 on the grounds that it is premature as discovery in this case is ongoing and documents related to Defendants' defenses will become known during discovery. Defendants further object to this Request based upon the attorney-client privilege and/or the work product doctrine, insofar as it purports to seek counsel's mental impressions as to what documents support Defendants' defenses. Subject to and without waiving the foregoing objections, non-privileged documents in Defendants' possession that are responsive to this request are being produced herewith.

| | |
|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. Defendant's objections suggest documents are being withheld due to Attorney/client Privilege, as such per Federal Rules Defendants must provide a privilege log, which has not been produced. To date Defendants have not amended their interrogatory responses, to remove Attorney/Client Privilege objection. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well.  Further, Defendants **agreed** to amend their responses to this Request to remove the assertion of attorney client privileged communication. |

**Request No. [ 46 ]:**  Any and all documents and/or electronic data, receipt, computer print-outs, referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

**Response**:  Defendants object to Request No. 46 to the extent is seeks information protected by the work product doctrine and/or the attorney-client privilege. Subject to and without waiving the foregoing objections, non-privileged documents in Defendants' possession that are responsive to this request are being produced herewith.

| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. Defendant's objections suggest documents are being withheld due to Attorney/client Privilege, as such per Federal Rules Defendants must provide a privilege log, which has not been produced. To date Defendants have not amended their interrogatory responses, to remove Attorney/Client Privilege objection. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well.  Further, Defendants agreed to amend their responses to this Request to remove the assertion of attorney client privileged communication. | |
|---|---|---|

**Request No. [ 47 ]:**  All documents and/or electronic data that identify each workday (including the month, date, and year) during Plaintiff's employment with Defendants, in which Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities).

**Response**:  Defendants object to Request No. 47 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of relevant information insofar as the request seeks "all" documents identifying each work day in which Plaintiff did not work. Such Request invariably includes documents that are not readily accessible and/or are burdensome to retrieve such as emails, text messages and phone records, that are duplicative of other evidence being sought in this case; and that are otherwise not proportional to the needs of the case. Subject to and without waiving the foregoing objections, documents in Defendants' possession that are responsive to this request are being produced herewith.

| | | |
|---|---|---|
| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Defendants objection that retrieving said documents are documents that are not readily accessible and/or are burdensome to retrieve such as emails, text messages and phone records is without merit, as responsive documents go directly to plaintiff's hours worked. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Further, as a salaried exempt employee Plaintiff was paid his full weekly salary for every week in which he worked a day as evidenced by the documents produced along with Defendants' Responses to Plaintiff's Request for Production and the statements made in meet and confer letters sent amongst counsel regarding this dispute. | |

**Request No. [ 51 ]:**  All security camera footage, film, video, and photos of the exterior of the interior of Defendants' premises for the relevant time period.

**Response**:  Defendants object to Request No. 51 on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence insofar as the Request seeks "all security camera footage, film, video, and photos of the exterior and interior of Defendants' premises," without identifying, defining, or limiting the documents sought in any manner. Such Request invariably includes documents that have no relation to Plaintiff's claims or Defendants' defenses, that are not readily accessible and/or are burdensome to retrieve, that are duplicative of other evidence being sought in this case; and that are otherwise not proportional to the needs of the case.

Defendants further object to this Request on these same grounds, to the extent that it is not limited to documents from the location where Plaintiff worked. Subject to and without waiving the foregoing objections, documents in Defendants' possession that are responsive to this request are being produced herewith.

| **Movant's position:** Defendant waived any objection Under Fed. R. of Civ. P. 33, as they did not within thirty (30) days of being served with the discovery, and the parties **did not** stipulate to another date. Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication.  Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff including photos of the Fish House and Plaintiff's residence.  No additional security camera footage, film, video, and photos of the exterior and interior of Defendants' Fish House premises exists.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there | |
|---|---|---|
| **Request No. [ 30 ]:**  Any and all documents and/or electronic data which demonstrate Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.  **Response**:  Documents in Defendants' possession that are responsive to this request are being produced herewith.. | | |

| **Movant's position:** . Plaintiff is unsure which documents Defendants are referring to, as Defendants have produced 182 documents. Plaintiff must have the opportunity to determine whether defendants have properly responded to this request, without knowing which documents are responsive, Plaintiff is unable to determine same. Plaintiff has requested Defendants identify the specific document to which they refer, and Defendants have refused to do so. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Defendants incorporate and renew their objections herein.  Defendants produced all documents in their possession that were responsive to the requests for production served by Plaintiff.  There is no basis to Plaintiff's demand that Defendants go back and re-organize the production by identifying which of the 57 requests for production each document is individually responsive to.  Defendants complied with Fed. R. Civ.P. 34(b)(2)(E)(i) by producing documents as they are kept in the usual course of business. There is no requirement that Defendants *also* must organize and label responsive documents to correspond to the categories in the request. Defendants only produced 182 pages of documents, and so Plaintiff's claim that there could be a "needle [hiding] in a haystack by mingling responsive documents with large numbers of nonresponsive documents" is obviously off base as well. | |
|---|---|---|

## **REQUEST FOR ADMISSIONS**

| **Request No. [ 1]:**<br><br>**Response Admission No. 1**:<br>Denied. |
|---|

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 31

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |
| **Request No. [ 2 ]:**<br><br>**Response Admission No. 2**:<br>Denied. | | |
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |
| **Request No. [ 3 ]:**<br><br>**Response Admission No. 3**:<br>Denied, to the extent that the Complaint alleges an incorrect time period for Plaintiff's employment with Defendant Billy's.  Admitted that Plaintiff was not paid overtime wages during his employment with Defendant Billy's, because he was classified as exempt from the overtime requirements of the FLSA. | | |

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 4 ]:**

**Response Admission No. 4**:

Defendants object to this Request as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding any individuals other than Plaintiff.  Plaintiff has not requested, nor received, authorization from the Court to proceed with the instant action as a collective action, and unless and until such permission is granted by the Court, any request for information regarding other individuals is premature.  At this time, Plaintiff is only entitled to receive information relevant to the facts and circumstances of his own individual claim against Defendants.

Defendants further object to this request on these same grounds, to the extent it seeks information that is beyond the maximum limitations period applicable to Plaintiff's FLSA claim.

Defendants furthermore object to this request on these same grounds, to the extent it exceeds the scope of issues involved in the instant action, which involves a challenge by Plaintiff to his classification as exempt from the overtime requirements of the FLSA.

Subject to and without waiving the foregoing objections, denied, except admitted that Plaintiff was not paid overtime wages during his employment with Defendant Billy's, because he was classified as exempt from the overtime requirements of the FLSA.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 5 ]:**

**Response Admission No. 5:**
Denied, to the extent that the word "intentionally" is used to imply any intent to violate the law. Admitted that Plaintiff was not paid overtime wages during his employment with Defendant Billy's, because he was classified as exempt from the overtime requirements of the FLSA.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 6 ]:**

**Response Admission No. 6:**
Denied that any of the salary paid to Plaintiff during his employment as a Fish House Manager with Defendant Billy's was paid in cash and not reported to the Internal Revenue Service. Admitted that Plaintiff was paid in cash for work he performed as an independent contractor prior to his employment with Defendant Billy's.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |
| **Request No. [ 7 ]:** <br><br> **Response Admission No. 7**: <br> Denied. | | |
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |
| **Request No. [ 8 ]:** <br><br> **Response Admission No. 8**: <br> Denied, to the extent that the phrase "maintain no written time sheets or punch cards" is used to imply any intent to violate the law.  Admitted that Plaintiff was not required to maintain a time sheet or punch card for the hours that he worked, because he was classified as exempt from the overtime requirements of the FLSA. | | |

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 9 ]:**

**Response Admission No. 9:**
Defendants object to this Request because it is an assertion of a legal conclusion. Subject to and without waiving the foregoing objections, admitted by Defendant Billy's, and denied by Defendant Hershey, on the basis that he is not an employer under the FLSA.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 10 ]:**

**Response Admission No. 10:**
Defendants object to this Request because it is an assertion of a legal conclusion. Subject to and without waiving the foregoing objections, admitted by Defendant Billy's, and denied by Defendant Hershey, on the basis that he is not an employer under the FLSA.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 11 ]:**

**Response Admission No. 11:**
Admitted.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 12 ]:**

**Response Admission No. 12:**
Admitted by Defendant Billy's and denied by Defendant Hershey.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 13 ]:**

**Response Admission No. 13:**
Admitted by Defendant Billy's and denied by Defendant Hershey.

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

**Request No. [ 14  ]:**

**Response Admission No. 14:**
Defendants object to this Request as overly broad, unduly burdensome, vague and ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that the phrase "responsible for paying Plaintiffs' [sic] wages" is not defined or explained in any manner. Denied, except admitted that Defendant Hershey was a corporate officer and/or owner and/or manager of Defendant Billy's during the relevant time period and that an owner of a company is ultimately responsible for making sure that all employees are paid.

*Carrillo Rodriguez v. Billy's Stone Crabs, Inc. et al.*
Case No. 17-cv-60867-BB
Page | 38

| | | |
|---|---|---|
| **Movant's position:** Defendants failed to timely respond to Plaintiff's First Request for Admissions. The Parties never agreed to extend the time by which Defendants' responses were due and Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants have never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to timely respond, and, therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully requests the Court deem the admissions admitted and as binding in the subject lawsuit. | **Opponent's position:** As stated in Defendants' Opposition to the Motion to Compel, Defendants requested a professional courtesy extension via phone and email communication. Moreover, Defendants responded to reach and every Request for Admission within the timeframe of the requested professional courtesy extension. | |

Respectfully submitted,

s/ Neil Tobak
Neil Tobak, Esq.
Florida Bar No. 93940
Email:  neil.tobak@zidellpa.com

**J.H. ZIDELL, P.A.**
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167
*Counsel for Plaintiff*

By: **/s/** Grissel Seijo
Aaron Reed
Florida Bar No. 557153
E-mail: *areed@littler.com*
Grissel Seijo
Florida Bar No. 87594
E-mail: *gseijo@littler.com*

**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel:  (305) 400-7500
Fax:   (305) 603-2552
*Counsel for Defendants*